## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DONALD THRELKELD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **PROGRESS RESIDENTIAL** | ) | |
| **PM HOLDINGS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | / | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DONALD THRELKELD ("Plaintiff" or "Threlkeld"), and files his Complaint against Defendant, PROGRESS RESIDENTIAL PM HOLDINGS, LLC ("Defendant" or "Progress"), and in support states the following:

## NATURE OF THE CLAIMS

1.     This is an action for monetary damages pursuant the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

2.     This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation for Plaintiff's lawful exercise of

his rights under the FMLA and unlawful discrimination and harassment against Plaintiff due to his disability leading to his unlawful termination.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

5.      Plaintiff, Threlkeld, is a citizen of the United States, and is and was at all times material, a resident of the state of Georgia.

6.      Defendant, Progress, is a foreign for-profit corporation with its principal office in Scottsdale, Arizona.

7.      Defendant does business and Plaintiff worked for Defendant in this District.

8.      Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9.      Plaintiff has complied with all statutory prerequisites to filing this action.

10.      On April 17, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11.      Plaintiff's EEOC charge was filed within one hundred eighty days after the alleged unlawful employment practices occurred.

12.      On August 17, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13.      This complaint was filed within ninety days of the EEOC's issuance of the Dismissal and Notice of Rights.

## FACTS

14.      Plaintiff was employed by Defendant in a full-time capacity for approximately one year and seven months. At the time of his termination, Plaintiff held the position of Resident Relations Service.

15.      Plaintiff is a disabled male.

16.      At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

17.    At all times material, Plaintiff was able to perform the essential functions of his job with or without accommodations.

18.    At all times relevant Plaintiff was a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

19.    Plaintiff suffers from human immunodeficiency virus (HIV), attention-deficit hyperactivity disorder (ADHD), and anxiety as Defendant is aware.

20.    Plaintiff's disability impacts his major life activities including but not limited to concentrating on tasks and sleeping.

21.    Defendant was on notice of Plaintiff's disability.

22.    Around July 2019, Plaintiff verbally informed Tiffany Greene, Senior Relations Services, that he was HIV positive and suffered from ADHD and anxiety. Plaintiff explained to Ms. Greene that his disability impacted his ability to concentrate at work at times.

23.    In December 2019, Defendant hired Valencia Swift as Director.

24.    In January 2020, during Plaintiff's performance review, Plaintiff informed Ms. Swift that he was disabled and was starting a new medication for his disability.

4

25.     Subsequently, Ms. Swift and Ashley Nichols, Portfolio Operations Director, called Plaintiff into frequent meetings, questioned his work and micromanaged Plaintiff's performance, as well as issued Plaintiff unwarranted warnings and write ups.

26.     The heightened scrutiny exacerbated Plaintiff's condition.

27.     As a result, on or about March 17, 2020, Plaintiff began to experience a medical emergency while on a telephonic meeting with Ms. Swift, Ms. Nichols, and Jennifer Krenson, Site Manager. Due to his symptoms, Plaintiff called 911 and was rushed to the Northside Hospital for treatment.

28.     Plaintiff's treating physician advised Plaintiff to take a brief medical leave of absence and wrote Plaintiff out of work until March 24, 2020.

29.     Subsequently, Plaintiff emailed a copy of his doctor's note to the Human Resources general email and copied Ms. Swift, Ms. Nichols, and Ms. Krenson.

30.     About two days later, Plaintiff called Linda Lair, Human Resources, to request FMLA forms. However, to discourage Plaintiff from availing himself of FMLA, Ms. Lair failed to send Plaintiff the FMLA forms until days after Plaintiff's request.

31.     Shortly thereafter, while Plaintiff was in the process of completing the FMLA forms, Defendant terminated Plaintiff's employment under pretext.

32.     Ms. Krenson claimed Plaintiff was being let go as part of an alleged reduction in force and informed Plaintiff that his whole team was being let go. However, almost all the members of Plaintiff's team, who upon information and belief are non-disabled, remained employed by Defendant.

33.     Plaintiff has been damaged by Defendant's illegal conduct.

34.     Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

<u>Count I:</u>
**Retaliation in Violation of the FMLA**

35.     Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-34 above.

36.     Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

37.     At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

38.     Plaintiff exercised or attempted to exercise his rights under the FMLA.

39.   Defendant retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

40.   Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

41.   Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

**Count II:**
**Interference in Violation of the FMLA**

42.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

43.   Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

44.   At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

45.   Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

46.   Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

47.     Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

48.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## Count III:
### Disability Discrimination in Violation of the ADA

49.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

50.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

51.     Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

52.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

53.     Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

54.     Defendant intentionally discriminated against Plaintiff on the basis of his disability.

8

55.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

56.    Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:
## Retaliation in Violation of the ADA

57.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

58.    Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating his employment.

59.    Defendant's conduct violates the ADA.

60.    Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

9

61.    Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling him to compensatory damages.

62.    Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)    Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)    Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c)    Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Georgia Bar Number: 497511

10

**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*